BROYLES *et al.* v. BUCK, Clerk.[1]

*(Circuit Court, N. D. Georgia. December 29, 1888.)*

1. **COSTS—IN FEDERAL COURT—ATTORNEY'S FEE FOR DEPOSITIONS.**
   Under section 824, Rev. St. U. S., the prevailing party is entitled to collect for his attorney a fee of $2.50 for the deposition of each witness "taken and admitted in evidence," to be taxed as costs, especially where the witnesses are examined and answer separately.

2. **SAME.**
   Such fees are allowed to the party as compensation for his attorney's services in and about the depositions, and are to be taxed in addition to the fees of commissioners to take the testimony.

3. **SAME—COLLECTION.**
   The attorney's costs, like those of the clerk and marshal, are to be collected in the name of the prevailing party.

Rule on Clerk to Tax Costs.

*Malcolm Johnston*, for movants.

*Bacon & Rutherford* and *P. L. Mynatt*, for railway company.

[1] Reported by Will Haight, Esq., of the Atlanta bar.

.Newman, J.   This is a rule against the clerk in the case of the *East Tennessee, Virginia & Georgia Railroad Company* v. *Watters.*   The question presented is whether, under section 824, Rev. St. U. S., the clerk, in taxing costs for attorney's fees, in favor of the prevailing party to a suit should tax $2.50 for the deposition taken and admitted in evidence of each witness, where the testimony of more than one witness is returned to court in one inclosure.   The attorneys for Watters, the prevailing party, say that the testimony of each witness is "a deposition" in the meaning of the statute, especially where, as in this case, the testimony of each witness is taken separately.   This view seems to be correct.   It is difficult to see how any other interpretation can be given the language, "for each deposition taken," etc.

It is suggested by counsel for the railway company that the expense to it of having the commissions executed, and taking the testimony, should be deducted from the sum to be taxed as attorney's fees for depositions.   As I understand this statute, the fee of $2.50 "for each deposition taken and admitted in evidence in a cause" goes to the prevailing party for his attorney, and the expense of commissioners to take the testimony has no connection with it.

This rule was brought by Watters' attorneys, but, it being conceded on the hearing that properly it should have been brought in the name of Watters, the defendant in the case, it was allowed to proceed informally, nevertheless, to determine the question made.   It is ordered, therefore, that the clerk tax in the bill of costs in this case $2.50 for the depositions of each witness taken and admitted in evidence.